THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM GREESON, Defendant-Appellant.

(No. 74-80;

Third District—May 9, 1975.

James Geis and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James Christy, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant was convicted of felony theft following a trial by jury and was sentenced to the Illinois State Penitentiary for not less than 2 nor more than 8 years. The only question on appeal is whether the evidence was sufficient to prove the essential elements of felony theft beyond a reasonable doubt.

The indictment charged: (1) that the accused knowingly obtained or exerted unauthorized control over property of another; (2) that the property taken had a value in excess of $150; and (3) that the accused acted with intent to permanently deprive the owner of the benefit of his property.

The undisputed evidence can be briefly summarized. Defendant had been employed as an outside salesman by Kellstedt's Inc., an office supply company, for two weeks when he checked out an electric typewriter valued at $159 from Peoria Typewriter Co., a wholesale affiliate of Kellstedt's, and left the typewriter with Dakes, a prospective purchaser. Dakes gave defendant a $40 deposit in two payments, for which defendant gave receipts. Within a few days, defendant took an identical model from Kellstedt's inventory and delivered it to Dakes in exchange for the typewriter originally delivered, which he returned to Kellstedt's. In contravention of Kellstedt's business policies, Kellstedt's manager did not receive a purchase order for the typewriter and the deposit was not turned in to the bookkeeper. Shortly thereafter defendant terminated his employment without giving notice. Kellstedt's discovered the typewriter to be missing, traced it to Dakes, and Dakes called the police who subsequently arrested defendant. After his arrest and after being advised of

his constitutional rights, defendant stated to police that he had taken the typewriter in question and some ballpoint pens, but no other typewriters.

Other evidence was contradictory. Dakes testified for the prosecution that defendant offered to sell him the typewriter for a total price of $75, but defendant stated that he offered to sell it for $150, and left the machine with Dakes on a trial basis with a $75 security deposit to be paid by Dakes in installments.

Defendant, testifying in his own behalf, stated that he checked out a typewriter from Peoria Typewriter Co. in accordance with store policy and delivered it to Dakes as a demonstrator, but later saw an identical model in the store, and, thinking he had delivered the wrong machine, he made an exchange. Defendant also testified that he wrote a purchase order, placing the original on the manager's desk and leaving a copy on his own desk, and that he understood that he was to keep the money paid as a deposit until the sale was final. Prosecution witnesses testified that Kellstedt's business policy did not permit an outside salesman to take a typewriter from store inventory, did not permit security deposits, required a written purchase order for sales in excess of $25 before delivery of the items sold, and required salesmen to turn in cash receipts promptly. According to Kellstedt's manager, defendant had properly processed other orders but had not prepared a purchase order for Dakes' transaction. He also testified that the carbon copy of a note found on defendant's desk was not a purchase order and did not indicate that a typewriter had been delivered to Dakes.

On appeal, defendant contends that the prosecution failed to establish that he knowingly obtained or exerted unauthorized control over the typewriter, or that he intended to permanently deprive Kellstedt's of the typewriter. Defendant admits wrongfully retaining the $40 deposit paid by Dakes but argues that theft of that sum was not a felony.

Defendant admits that he transferred possession of a typewriter belonging to Kellstedt to Dakes. The disputed question of fact is whether he *knew* that he lacked authority to remove a typewriter from the store. Similarly the evidence is contradictory on the question of whether defendant placed the typewriter with Dakes with the *intent* that it be a permanent sale for $75 or whether he intended to leave it on a trial basis with a security deposit against damage in hopes of consummating a sale for $150. Whether defendant intended to pay his employer the money received from Dakes is also in doubt.

■■ Where unauthorized control of the property of another is admitted, the defendant's intent to permanently deprive the owner of the property may be inferred from the facts and circumstances surrounding the alleged criminal act. (*People v. Carr*, 16 Ill.App.3d 76, 305 N.E.2d 554

(1st Dist. 1973); *People v. Ida,* 14 Ill.App.3d 407, 302 N.E.2d 713 (1st Dist. 1973).) We believe that the question of whether defendant knew his control was unauthorized can similarly be established by inference from the surrounding facts. Both questions involve defendant's state of mind, his knowledge and intent, and the only evidence possible, other than defendant's own testimony, must be what reasonable men would infer from surrounding circumstances.

■■ Where evidence is contradictory, the credibility to be attached to defendant's testimony is a matter for the trier of fact, and on review we may not substitute our judgment for that of the jury unless the evidence is so improbable or unsatisfactory as to raise serious doubt of defendant's guilt. (*People v. Bullock,* 123 Ill.App.2d 30, 259 N.E.2d 641 (1st Dist. 1970).) We find that the evidence here was sufficient to support the verdict of guilty.

Judgment affirmed.

STOUDER, P. J., and BARRY, J., concur.