THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HERMAN WINFIELD, Defendant-Appellant.

(No. 74-67;

Third District—July 14, 1975.

Paul F. Davidson, of Kankakee (Richard Hall, of counsel), for appellant.

Edward P. Drolet, State's Attorney, of Kankakee (R. Stewart Merdian and Bernard Rivkin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Following a bench trial in the Circuit Court of Kankakee County, Herman Winfield, defendant-appellant, was found guilty of driving while under the influence of intoxicating liquor and of disobeying a traffic signal. On appeal, defendant contends that the evidence was insufficient to support his conviction, and particularly that the results of breath analysis tests administered to him were improperly considered by the trial court to be the "crux" of its determination that he was guilty of driving while intoxicated.

Defendant's arrest followed an accident in which the car defendant was driving collided with a car operated by Roger Benson at an intersection controlled by a traffic signal. Both defendant and Benson stated to Officer Collier, who investigated the accident, that the other had gone through a red light. The officer issued traffic tickets to defendant for the violations charged, and required defendant to go with him to the police station. Defendant refused and in the course of resisting, defendant fell and cut his head. Defendant was then taken to a hospital for treatment of the cut and from there to the police station where he consented to breath analysis tests to determine the alcohol in his blood. The tests were administered twice, beginning 88 minutes after the accident, and the results showed defendant to have .23 percent and .26 percent alcohol in his blood.

At the trial, Officer Collier and Officer Petry testified to these facts, and in addition the arresting officer testified that, at the time of the arrest, defendant was unsteady on his feet, his eyes were glassy, his speech jerky, he had an odor of alcoholic beverage on his breath, and in the officers' opinion, defendant was under the influence of intoxicating liquor. This testimony was corroborated by Benson who stated that defendant's eyes were glassy, that he was unsteady on his feet and appeared to have a stupor about him, that he "had some difficulty in maintaining his balance on one spot," and had to keep moving around in order to maintain his balance.

Officer Petry testified that he was trained to operate the breathalyzer machine; that he holds a permit to administer such tests; that he followed the checklist of operating procedures which is approved by the Illinois Department of Public Health; and that he obtained the test results shown on the "printout" sheet introduced in evidence. He also testified that he observed defendant for 20 minutes before each test, and during that

time defendant did not "eat, drink, smoke or regurgitate." The parties stipulated that the machine was checked and found to be accurate by an inspector for the Department of Public Health 2 weeks prior to and 2 weeks after the date of defendant's tests.

Defendant did not testify and called no witnesses. At the close of the trial, as the court announced its decision, the following colloquy occurred:

"DEFENSE ATTORNEY: I am asking the Court if the backbone of his opinion  *  *  *  is not the reading of the breath test? In other words, I am asking the Court, for the record, if the Court will state that they are leaning heavily on the twenty-six [.26] and twenty-three [.23] readings in their finding of guilty of Herman Winfield.

THE COURT: Yes, I am leaning on the testimony of the police officer as to his observations as well as the breath test, and taking cognizance of the fact that the state statute says that a reading of Point One 0 [.10] or above indicates a presumption of driving while under the influence of intoxicating liquor. The Court is satisfied that the defendant Herman Winfield, is guilty  *  *  *."

DEFENSE ATTORNEY: But the record is sufficient there that you are giving a great—the crux of your opinion is the breathalyzer?

THE COURT: Yes."

Defendant argues that breath test results obtained 1½ hours after arrest cannot be the crux or pivotal point on which a conviction of driving while under the influence of intoxicating liquor can stand, but at most can only be corrobative of other evidence of intoxication. Defendant has submitted a lengthy brief, challenging the statutory presumption arising from breath tests. This presumption is contained in section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat., ch. 95½, § 11—501) as follows:

"(c) Upon the trial of any action or proceeding arising out of the acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of intoxicating liquor, evidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by a chemical analysis of his breath, blood, urine, saliva or other bodily substance is admissible, as provided hereinafter in this paragraph (c) and the result of any such analysis shall give rise to the following presumptions:

*    *    *

(3) If there was at the time of such analysis 0.10 percent or more

by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor.

Percent by weight of alcohol in the blood shall be based upon grams of alcohol per 100 cubic centimeters of blood. Evidence based upon a chemical analysis of * * * breath * * * shall not be admitted unless such substance was procured and such analysis made with the consent of the person as provided by this Chapter, whose bodily substance was so analyzed.

The foregoing provisions of this paragraph (c) shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether or not the defendant was under the influence of intoxicating liquor.

(d) Chemical analysis of the person's blood or breath to be considered valid under this Section must be performed according to uniform standards adopted by the State Department of Public Health, in cooperation with the Superintendent of State Police, and by an individual possessing a valid permit issued by that Department for this purpose."

However, we believe defendant's argument is based on the false premise that the sole factor considered by the court in finding defendant guilty was the result of the tests. Considering all of the statements made by the trial judge when he announced his decision, it is clear that he took into account the testimony of the police officer concerning his observations of defendant at the time of the accident, as well as the test results. Thus, it must follow that, while the tests were an important element of the prosecution's proof, the evidence of defendant's conduct and appearance also contributed to the decision.

■■ Without considering the evidence of the breath tests, the testimony of the two witnesses describing defendant's behavior at the scene of the accident would be sufficient to sustain defendant's conviction. See *People v. German,* 22 Ill.App.3d 389, 317 N.E.2d 113 (3d Dist. 1974); *People v. Pigg,* 17 Ill.App.3d 568, 308 N.E.2d 190 (1st Dist. 1974); *People v. Casa,* 113 Ill.App.2d 1, 251 N.E.2d 290 (1st Dist. 1969).) Thus it is not necessary to reach the question of whether breath tests administered 1½ hours after defendant's arrest can support a conviction of driving while intoxicated without other corrobative evidence.

Defendant next contends that the prosecution failed to establish the accuracy of the tests administered to defendant, and in support of this argument, defendant suggests that the ampoule used for the test, the machine used, and the air in the room may have affected the results. Defendant also claims that the prosecution should be required to prove

that he did not belch during the tests. In *People v. Crawford*, 23 Ill.App. 3d 398, 318 N.E.2d 743 (4th Dist. 1974), the defendant similarly attacked the credibility of the breathalyzer testing procedures. The court considered at length the proof necessary to establish a proper foundation for admission of breath tests, and held the following to be sufficient:

(1) Evidence that the tests were performed according to the uniform standard adopted by the Illinois Department of Public Health;

(2) Evidence that the operator administering the tests was certified by the Department of Public Health;

(3) Evidence that the machine used was a model approved by the Department of Health, was tested regularly for accuracy, and was working properly;

(4) Evidence that defendant was observed for the requisite 20 minutes prior to the first test and 15 minutes between the first and second test, and, during those periods, defendant did not eat, smoke, regurgitate or drink;

(5) Evidence that the results appearing on the "printout" sheet can be identified as the tests given to defendant.

■■ We believe the testimony in the case at bar laid an adequate foundation to permit the test results to be admitted in evidence. Also see *People v. Krueger*, 99 Ill.App.2d 431, 241 N.E.2d 707 (1st Dist. 1968).

■■ The court in *Crawford* also ruled that, in the absence of any evidence that the ampoule used was contaminated, the prosecution is not required to establish the absence of contamination; and where there is no evidence that defendant belched just before or during the tests, the State need not prove that defendant did not belch.

■■ Defendant next argued that the prosecution was required to show that he was not given some treatment or medication at the hospital that would have affected the test results. We believe the contrary is true, and that the tests are admissible in the absence of some evidence of recent medical treatment affecting the test results.

Defendant's final contention is that the prosecution failed to prove beyond a reasonable doubt that he disobeyed a red light since it was defendant's word against Benson's. (There were no independent witnesses to the accident.) Determination of the credibility of the witness Benson was properly within the province of the trial court, and a reviewing court may not substitute its judgment for that of the trier of fact unless the evidence is so improbable or unsatisfactory as to raise a serious doubt of defendant's guilt. *People v. Greeson*, 28 Ill.App.3d 94, 327 N.E. 2d 605 (3d Dist. 1975).

After reviewing the record, we conclude that the evidence before the

trial court was sufficient to establish the guilt of defendant on both charges, and that both convictions should be affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.