**Richard Byron FJELDSTED,
Plaintiff and Appellant,**

v.

**S. Tony COX, Director, Driver's License Division, Department of Public Safety, State of Utah, Defendant and Respondent.**

**No. 16428.**

Supreme Court of Utah.

April 24, 1980.

Loni F. DeLand of McRae & DeLand, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

STEWART, Justice:

This appeal is from an order revoking plaintiff's driver's license for his refusal to take a blood alcohol test. The district court found (1) that plaintiff had been properly requested to take a chemical test pursuant to the Implied Consent Statute, § 41–6–44.-10, Utah Code Ann. (1953), as amended, following his arrest at the scene of an automobile accident; (2) that plaintiff had refused to submit to the test; (3) that the Implied Consent Statute was properly explained to him and that he had been informed he had no right to an attorney, and (4) that plaintiff had admittedly and knowingly refused to take the breathalyzer.

On appeal plaintiff asserts that he was not given a *Miranda* warning and that *Holman v. Cox*, Utah, 598 P.2d 1331 (1979), requires that persons arrested for driving while intoxicated be given the *Miranda* warning. Plaintiff misreads *Holman*. *Holman* merely restates the basic law that the *Miranda* warning must be given only if the statements of the arrested person are to be held admissible in a subsequent criminal proceeding against him. We did not hold that a *Miranda* warning must be given in every case in which a person is arrested on suspicion of driving under the influence of alcohol. The *Miranda* warning is intended to prevent the use of undue influence by the police in extracting admissions or confessions. Failure to give the warning serves only to exclude admissions by the defendant in a criminal case.

Plaintiff's second point, that the *Miranda* warning was not given him, is incorrect as a matter of fact and irrelevant as a matter of law. Plaintiff's refusal to take a blood test until he could call his lawyer constituted a refusal under the statute and a valid basis for revocation of plaintiff's license. These issues are fully treated in *Beck v. Cox*, Utah, 597 P.2d 1335 (1979), and *Holman v. Cox, supra.*[1]

Affirmed.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

[1]. See also the concurring opinion of Justice Stewart in *Muir v. Cox*, Utah, 611 P.2d 384 (1980), which amplifies the holding of *Holman.*