THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BONNIE S. GRIFFITH, Defendant-Appellant.
Fifth District   No. 5—85—0256

Opinion filed May 22, 1986.

HARRISON, J., specially concurring.

R. Edward Veltman, Jr., of Crain, Cooksey, Veltman & Pursell, Ltd., of Centralia, for appellant.

Robert Matoush, State's Attorney, of Salem (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, and Terrence R. Lyons, Jr., of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Defendant Bonnie Griffith was charged with driving while under the influence of alcohol (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501), and she requested an implied-consent hearing. The trial court found that the arresting officer had reasonable cause to arrest defendant for driving under the influence and that defendant refused the officer's offer to take a breath test. Defendant appeals. We affirm.

Defendant first argues that the circuit court's findings as stated above were contrary to the manifest weight of the evidence. Defendant suggests all the State's evidence was "tainted" after the arresting officer, Illinois State Police Sergeant Harold Blank, was "caught in a lie." Sergeant Blank first said defendant refused the breath test, then said her refusal was by silence. Impeachment does not render a witness' testimony nugatory. Impeachment goes only to its credibility and weight. (*Hectus v. Chicago Transit Authority* (1954), 3 Ill. App. 2d 439, 446, 122 N.E.2d 587, 590.) The witnesses' credibility was for the trial court to decide. (*Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 356, 226 N.E.2d 624, 626.) We have examined all of the testimony including Sergeant Blank's, and we find no cause to criticize the circuit court for believing the sergeant.

As to the sufficiency of the evidence in support of the findings of the circuit court, the standard of review is whether the findings were contrary to the manifest weight of the evidence. (*People v. Bafia* (1983), 112 Ill. App. 3d 710, 712, 445 N.E.2d 878, 879.) Sergeant Blank testified that defendant failed the nystagmus test under the standards he learned at the State Police Academy at Springfield. He also testified that defendant's vehicle was outside its lane of traffic twice in a short distance and once almost struck a curb. Defendant admitted having one beer and two drinks of "V.O. and water." Ser-

geant Blank also testified defendant's eyes were bloodshot and she smelled of alcoholic beverage, and while this was contradicted, some smell was likely in view of what she admitted she drank. We find sufficient evidence of defendant's driving under the influence at the time of the stop. As to refusal, defendant admitted she was asked to take the test at least three times and never assented. According to defendant, the first time Sergeant Blank asked her to take a breath test, she asked him what he would advise if she were his daughter. He replied that he could not advise her. He asked her a second time; she asked for advice again and said she did not know what to do. He asked her a third time. Her reply: "I said, 'I would like to speak with an attorney for advice. I would like to know what to do,' and he said, 'I'm marking it down "refused",' and I told him that I did not refuse the test, that I would just like to speak to an attorney." She testified she did not say she would take the test. Sergeant Blank testified he asked her five or six times. We think the court was correct in interpreting her lack of assent as refusal. See generally *People v. Schuberth* (1983), 115 Ill. App. 3d 302, 450 N.E.2d 459.

Defendant argues she had the right to counsel when asked to submit to a breath test, under sections 103—3 and 103—4 of the Code of Criminal Procedure of 1963. Section 103—3 states persons "who are arrested" shall have the right to communicate with an attorney of their choice by telephone or any other reasonable manner. (Ill. Rev. Stat. 1983, ch. 38, par. 103—3.) Section 103—4 states any person "committed, imprisoned or restrained of his liberty for any cause whatever and whether or not such person is charged with an offense" shall be allowed to consult with an attorney. (Ill. Rev. Stat. 1983, ch. 38, par. 103—4.) The 1981 version of the implied-consent statute provided the arrestee the right to consult with an attorney or other person by phone or in person within 90 minutes of being requested to take a breathalyzer test, but also that failure to consult counsel would not excuse or mitigate the effect of refusal to take the test. (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(a).) That version of the statute does not apply in this case. However, it indicated the legislature's intent that refusal to take the examination cannot be predicated or conditioned on failure to consult counsel. (*Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341, 344, 459 N.E.2d 651, 653.) Significantly, the legislature's next version of the implied-consent statute did not even grant the arrestee an opportunity to consult with counsel before submitting to the test (Ill. Rev. Stat., 1982 Supp., ch. 95½, par. 11—501.1), and this is also true of the version under which defendant was tried (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1).

■■ ■ What is the proper interpretation of the legislature's deletion of provisions regarding right to counsel from section 11—501.1? Defendant's argument suggests the legislature intended that sections 103—3 and 103—4 of the Code of Criminal Procedure of 1963 control an accused's right to counsel upon being requested to take a breath test. If this is what the legislature intended, then the accused has virtually the same right to consult an attorney prior to the test under the 1982 statute as under the 1981 version, despite the deletion of all references to right to counsel in section 11—501.1 after the 1981 version. We are skeptical as to this interpretation. An amendment to a statute is presumed to be intended to effect a change in the law. (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 373, 357 N.E.2d 1180, 1183.) We do not intend to suggest that a person arrested for driving while under the influence of intoxicating liquor is not entitled to consult counsel pursuant to sections 103—3 and 103—4 of the Code of Criminal Procedure of 1963. However, in light of the substantial changes in the implied-consent statute concerning pretest right to consult counsel, we conclude the legislature did not intend to continue that statutory right prior to implied-consent testing subsequent to the 1981 version of the implied-consent statute.

■ Defendant argues she had a right to counsel prior to deciding whether to take the breath test under the sixth amendment to the United States Constitution and also under the Illinois Constitution (Ill. Const. 1970, art. I, sec. 8). Defendant argues that the post-arrest request that she submit to a breath test was a "critical confrontation" in the criminal prosecution against her at which she was entitled to presence of counsel. (See *United States v. Wade* (1977), 388 U.S. 218, 226-27, 18 L. Ed. 2d 1149, 1157, 87 S. Ct. 1926, 1932.) However, what is in question in this appeal is not the charge against defendant of driving while under the influence of alcohol, but rather whether the findings of the trial court after the implied-consent hearing were correct. In *People v. Golden* (1983), 117 Ill. App. 3d 150, 453 N.E.2d 15, this court rejected two indigent defendants' contentions that they were entitled to representation by court-appointed counsel at implied-consent hearings, reasoning that such a hearing was not a "critical stage" in the criminal prosecution but rather a separate and distinct proceeding which might even be held subsequent to disposition of the criminal charge and might result in suspension of an accused's driver's license notwithstanding dismissal of the charge of driving under the influence. Suspension of the driver's license is an administrative function; it is not part of the punishment for driving under the influence but merely a regulatory measure. (*People v. Finley* (1974), 21 Ill.

App. 3d 335, 340, 315 N.E.2d 229, 232.) It being well settled that the implied-consent hearing is not a "critical stage" in the underlying prosecution for driving under the influence, we must conclude that the decision whether to complete the test is also not a "critical stage," as its relationship to the criminal prosecution is even more attenuated. We must reject defendant's arguments in support of a sixth amendment or Illinois constitutional right to counsel prior to deciding whether to complete the test.

■ Defendant contends the due process clause of the fourteenth amendment to the United States Constitution required that she be permitted to call a lawyer before deciding whether to take the test. The due process clause applies to deprivation of a driver's license. (*Mackey v. Montrym* (1979), 443 U.S. 1, 10, 61 L. Ed. 2d 321, 329, 99 S. Ct. 2612, 2617.) However, we think the presuspension hearing in this case was an adequate and timely opportunity for defendant "to tell [her] side of the story *** , to obtain correction of clerical errors, and to seek prompt resolution of any factual disputes *** as to the accuracy of the officer's report of refusal." (443 U.S. 1, 15, 61 L. Ed. 2d 321, 333, 99 S. Ct. 2612, 2620.) We cannot conclude the procedure adopted in this case was violative of the due process clause.

For the foregoing reasons, the order of the circuit court of Marion County is affirmed.

Affirmed.

KARNS, J., concurs.

JUSTICE HARRISON, specially concurring:
I concur in the result reached by the majority for the reasons set forth in *Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341, 459 N.E.2d 651.