THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SCOTT D. OKUN, Defendant-Appellant.

Fourth District   No. 4—85—0765

Opinion filed June 25, 1986.

David K. Harris, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Kenneth R. Boyle,
Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:
Defendant appeals a finding of the circuit court of Sangamon
County at an implied-consent hearing that he refused to submit to a

breathalyzer test. For the reasons stated below, we affirm.

Defendant was charged with the offenses of improper lane usage (Ill. Rev. Stat. 1983, ch. 95½, par. 11—709(a)) and driving while under the influence of alcohol (DUI) (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)). As the court found the defendant not guilty of these charges, a determination not challenged on appeal, the facts surrounding his arrest are of little consequence. Rather, the focus of this appeal is on the defendant's refusal, upon request, to take a breathalyzer test.

The court found that the arresting officer had probable cause to believe the defendant was driving under the influence of alcohol and therefore to require him to submit to a breath test; although the defendant was properly informed of the consequences should he refuse, he nevertheless continued to state he would not take the test until he first spoke with an attorney. The trial court specifically held that the right to consult with counsel (Ill. Rev. Stat. 1983, ch. 38, par. 103—4) did not apply within the parameters of the implied-consent statute, and thus under *Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341, 459 N.E.2d 651, the defendant had refused testing for purposes of the implied-consent law. Defendant was then fined $100.

In *Jakubek,* the defendant there also declined a breathalyzer test unless he could talk with an attorney. The appellate court noted that a prior version of the implied-consent statute of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(a)(3)) provided that an arrested person could consult with an attorney within 90 minutes of being asked to take a breathalyzer test. That statute also expressly stated "Failure to consult counsel shall not excuse or mitigate the effect of the refusal to take or complete the test." (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(a)(9).) However, these provisions were omitted from the statute as amended by Public Act 82—221. Nothing in the current statute, then, supports any right by the arrestee to consult with counsel before submitting to a breath test. Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1.

Taking the prior provision into account, the court in *Jakubek* read an intent by the legislature that a refusal to take an examination could not be predicated upon a failure to consult with counsel. The *Jakubek* court thus held that, where an arrestee conditions or qualifies his refusal to take a breathalyzer test upon prior consultation with an attorney, he has effectively refused to take the test under the implied-consent statute. *Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341, 344, 459 N.E.2d 651, 653.

The defendant nevertheless advances that any request to submit to a breathalyzer test, with the attendant possible prosecution for

DUI, represents a "critical state" in the proceedings against a defendant. The defendant maintains that any such request triggers both the constitutional and statutory right to consult with counsel prior to submitting to testing. While the defendant recognizes the civil nature of an implied-consent hearing, he asserts that, at the time of the request, an accused is facing potential criminal prosecution; it is only upon a refusal to submit to a test that civil proceedings under the implied consent are initiated. As the argument goes, the decision of whether or not to take a breath test can either result in criminal prosecution or in the loss of a driver's license, which may in some instances result in a greater hardship. The defendant therefore believes assistance of counsel becomes a necessary right in making such a decision.

■ We are cognizant that there exists both a sixth and fourteenth amendment right to counsel at a pretrial event which constitutes a "critical stage" in the proceedings against an accused. (*United States v. Wade* (1967), 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926; *Powell v. Alabama* (1932), 287 U.S. 45, 77 L. Ed. 158, 53 S. Ct. 55.) A critical stage arises where an accused requires aid in coping with legal problems or help in meeting a professional adversary (*United States v. Ash* (1973), 413 U.S. 300, 37 L. Ed. 2d 619, 93 S. Ct. 2568); otherwise, the absence of counsel might detract from his right to a fair trial (*United States v. Wade* (1967), 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926).

At least one court has held an arrest for DUI and the decision of whether to take or refuse alcohol testing does represent a "critical stage" such that an accused should be afforded a reasonable opportunity to contact an attorney. (*Prideaux v. State Department of Public Safety* (1976), 310 Minn. 405, 247 N.W.2d 385.) Another jurisdiction has expressed its belief that fundamental fairness requires that a constitutional right to counsel be afforded, especially since the early stages of the controversy are akin to criminal proceedings. (*Hall v. Secretary of State* (1975), 60 Mich. App. 431, 231 N.W.2d 396.) Still other courts have recognized a limited right to communicate with counsel based upon a State statute or court rule expressly permitting consultation after detention. *State v. Vietor* (Iowa 1978), 261 N.W.2d 828; *Dain v. Spradling* (Mo. App. 1976), 534 S.W.2d 813; *Snavely v. Dollison* (1979), 61 Ohio App. 2d 140, 400 N.E.2d 415; *McNulty v. Curry* (1975), 42 Ohio St. 2d 341, 328 N.E.2d 798.

On the other hand, many jurisdictions in denying the right to counsel have relied upon the civil-criminal dichotomy between license revocation proceedings, which are administrative in nature, and DUI

prosecutions, which are penal in nature. (*Gottschalk v. Sueppel* (1966), 258 Iowa 1173, 140 N.W.2d 866; *Seders v. Powell* (1979), 298 N.C. 453, 259 S.E.2d 544; *Robertson v. State* (Okla. 1972), 501 P.2d 1099; *Blow v. Commissioner of Motor Vehicles* (1969), 83 S.D. 628, 164 N.W.2d 351.) The majority of courts, like the court in *Jakubek*, have held that the legal effect of a request for an attorney or a refusal conditioned upon prior consultation with an attorney is an effective refusal under an implied-consent statute. *Stephens v. State Department of Revenue, Motor Vehicle Division* (Colo. App. 1983), 671 P.2d 1348; *Rusho v. Johns* (1970), 186 Neb. 131, 181 N.W.2d 448; *McCharles v. State, Department of Motor Vehicles* (1983), 99 Nev. 831, 673 P.2d 488; *Phares v. Department of Public Safety* (Okla. 1973), 507 P.2d 1225; *Department of Public Safety v. Gates* (S.D. 1984), 350 N.W.2d 59; *Fjeldsted v. Cox* (Utah 1980), 611 P.2d 382; *State v. Berry* (W. Va. 1980), 271 S.E.2d 776.

Defendant, however, relies upon the court's reasoning in *Heles v. State of South Dakota* (D.S.D. 1982), 530 F. Supp. 646, *vacated* (8th Cir. 1982), 682 F.2d 201. The Federal district court in *Heles* held that a person arrested for DUI has a constitutional right to request to speak with an attorney prior to deciding whether to submit to testing. Continuing, the court stated that "[t]he simple request to consult an attorney cannot be interpreted as a constructive refusal." (530 F. Supp. 646, 653.) We note, though, that because the plaintiff passed away during the pendency of the appeal of that matter, the Court of Appeals for the Eighth Circuit consequently ordered the cause vacated as moot. (682 F.2d 201, 202.) Thus, *Heles* cannot be accorded precedential value.

Still other courts have employed reasoning similar to that in *Heles* while finding that there exists a right to a reasonable opportunity to communicate with counsel prior to submitting to testing. (See, *e.g., Sites v. State* (1984), 300 Md. 702, 481 A.2d 192; *Hall v. Secretary of State* (1975), 60 Mich. App. 431, 231 N.W.2d 396; *Prideaux v. State Department of Public Safety* (1976), 310 Minn. 405, 237 N.W.2d 385.) The defendant here, alluding to *Heles*, espouses that the civil and criminal nature of the proceedings initiated against an arrestee suspected of DUI are "inextricably intertwined." The defendant takes to task any reliance on the civil-criminal distinction in denying a right to counsel, maintaining that a criminal prosecution commences once a driver is asked to submit to a breath test. Emphasizing that a person is originally under arrest for a criminal charge, the defendant advocates that an arrestee is faced with the choice of either giving evidence which may later be used against him in a criminal proceeding,

or refusing to take the test and facing possible license revocation. Relying again on the district court opinion in *Heles*, the defendant argues that to demand a licensed driver to make such a choice without first being allowed to reasonably contact an attorney would be "inconsistent with the due process demands of the sixth and fourteenth amendments. *Heles v. State of South Dakota* (D.S.D. 1982), 530 F. Supp. 646, 652.

■ Contrary to the defendant's assertions, however, we do not agree that there is a constitutional right to confer with counsel prior to submitting to a breathalyzer. A refusal to take an alcohol test, after a police officer has lawfully requested it, is not an act coerced by the officer. (*South Dakota v. Neville* (1983), 459 U.S. 553, 74 L. Ed. 2d 748, 103 S. Ct. 916.) Rather, the test is just the sort of physical or real evidence to which the fifth amendment privilege against self-incrimination does not apply. (459 U.S. 553, 74 L. Ed. 2d 748, 103 S. Ct. 916; see also *Davis v. State* (1977), 174 Ind. App. 443, 367 N.E.2d 1163.) More importantly, we do not perceive the request for testing to be the initiation of adversarial judicial proceedings sufficient to invoke the sixth amendment right to counsel. Ordinarily, a formal commitment to prosecute, as evidenced by the filing of charges, is the point at which adversarial judicial proceedings are instituted. (LaFave & Israel, Criminal Procedure sec. 11.2, at 20 (1984).) In most instances, though, the time at which the request for breathalyzer testing is made does not yet involve a formal decision to prosecute. No charges are filed, and there is not yet any indicia of a formal commitment to prosecute. Thus, we do not believe the decision of whether or not to submit to a breathalyzer represents a critical stage in the proceedings against a person suspected of driving under the influence.

In any event, the United States Supreme Court has recently dismissed on the merits for want of a substantial Federal question a matter in which the issue was whether there exists a constitutional right to counsel prior to submitting to a breath test. *Nyflot v. Minnesota Commissioner of Public Safety* (1986), 474 U.S. ___, 88 L. Ed. 2d 567, 106 S. Ct. 586.

We should note briefly that this matter does not involve allegations arising under the so-called "confusion doctrine." Under this doctrine, driver's license revocations have been reversed based on the fact that a person was confused by the *Miranda* warnings and believed that they had a right to contact an attorney before deciding to accept or refuse testing. In any event, the confusion doctrine has been held not to be a part of the implied-consent law in Illinois. *People v. Mucha* (1986), 140 Ill. App. 3d 788.

■ Again, we emphasize that our Illinois implied-consent statute in no way provides for any right to counsel prior to submitting to a breath test. The statute does not conflict with the right to counsel otherwise provided in section 103—4 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 103—4). The only inquiry at an implied-consent hearing is whether a person refused to submit to a breath test after being arrested for DUI, and whether the arresting officer had probable cause to believe the person was driving under the influence so as to make the arrest lawful. As long as the State shows a refusal to submit to the test by a preponderance of the evidence, the defendant's insistence on a right to counsel is irrelevant.

Viewing the record before us, we hold that the defendant refused to take the breathalyzer test, and we affirm the judgment of the circuit court of Sangamon County.

Affirmed.

WEBBER and SPITZ, JJ., concur.