THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL GRAZIANO, Defendant-Appellant.

Second District   No. 2—85—0851

Opinion filed December 31, 1986.

Douglas P. Trent and Joseph A. Ricely, both of Law Offices of Trent, Levato & Kotche, of Wheaton, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and Ronald S. Shapiro, of Northbrook (Kenneth R. Boyle and William L. Browers, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE NASH delivered the opinion of the court:

The defendant, Michael Graziano, appeals from a finding of probable cause by the circuit court of Du Page County at an implied-consent hearing. He contends that: (1) the trial court erred in finding probable cause; (2) he had a statutory right to consult with an attorney prior to deciding whether to take a breathalyzer examination; and (3) the officer's failure to allow defendant to take the examination after his initial refusal constituted a denial of equal protection.

On February 2, 1985, Officer John Barnacle of the Willowbrook

police department observed defendant driving on 75th Street when defendant crossed onto the median strip to proceed into the left turn lane. Defendant waited for the traffic signal to turn green and then made a left turn onto Clarendon Hills Road, but did not use his left turn signal. When Officer Barnacle stopped the vehicle, he smelled a strong odor of alcohol on defendant's breath and noted that he had bloodshot eyes. The officer asked defendant if he had been drinking and he replied, "Not much." Defendant leaned on his vehicle while exiting and, at the officer's request, recited the alphabet. Officer Barnacle testified he could not understand the defendant after the letter "p." The defendant then walked a straight line for 10 steps, but swayed and staggered and had to stop twice to regain his balance. In performing the finger-to-nose test, defendant touched his nose but was unable to touch the tip of his nose with either hand.

Defendant was placed under arrest and transported to the Willowbrook police station, where he was given the implied-consent warnings pursuant to section 11—501.1(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c)). When requested by the officer, defendant refused to submit to a breathalyzer examination until he had an opportunity to consult with his attorney. Defendant did then telephone his attorney and after conversing with him, told Officer Barnacle that he would take the breathalyzer test. The officer advised defendant he had waived his right to take the test when he refused the first request.

After a bench trial, the court found defendant guilty of the offenses of improper lane usage (Ill. Rev. Stat. 1983, ch. 95½, par. 11—709(a)) and failure to signal (Ill. Rev. Stat. 1983, ch. 95½, par. 11—804(b)), but found him not guilty of the offense of driving under the influence of alcohol (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(2)). At an implied-consent hearing held on August 8, 1985, the trial court found that the arresting officer had reasonable grounds to believe defendant was driving a motor vehicle under the influence of alcohol and to require him to submit to a breathalyzer examination. The court also found that defendant's demand to consult with an attorney before submitting to the test constituted a refusal which could not be cured by his subsequent consent. Defendant appeals.

■■ ■ Defendant first contends the evidence was insufficient to support the trial court's finding that the arresting officer had reasonable grounds to arrest defendant for driving under the influence of alcohol and requiring him to submit to a breathalyzer examination.

"Reasonable grounds" and "probable cause" are synonymous for purposes of arrest (*People v. Mitchell* (1984), 123 Ill. App. 3d 868, 872,

463 N.E.2d 864, *appeal denied* (1984), 101 Ill. 2d 573; *People v. Bafia* (1983), 112 Ill. App. 3d 710, 716, 445 N.E.2d 878), and are present where the facts and circumstances known to the arresting officer are sufficient to lead a reasonable man to believe a crime has been committed and that it was committed by the defendant. (*People v. Neal* (1985), 111 Ill. 2d 180, 193, 489 N.E.2d 845, *cert. denied* (1986), 476 U.S. 1165, 90 L. Ed. 2d 733, 106 S. Ct. 2292; *People v. Tisler* (1984), 103 Ill. 2d 226, 237, 469 N.E.2d 147; *People v. Lazzara* (1986), 145 Ill. App. 3d 677, 681, 495 N.E.2d 1144.) This standard requires more than mere suspicion, but does not require the arresting officer to possess evidence sufficient to convict the defendant. (*People v. Williams* (1985), 137 Ill. App. 3d 736, 742, 484 N.E.2d 1191, *appeal denied* (1986), 111 Ill. 2d 578; *People v. Gutknecht* (1984), 121 Ill. App. 3d 839, 842, 460 N.E.2d 60, *appeal denied* (1984), 101 Ill. 2d 548; *People v. Wolsk* (1983), 118 Ill. App. 3d 112, 116, 454 N.E.2d 695, *appeal denied* (1983), 96 Ill. 2d 565.) In determining whether a warrantless arrest meets the probable cause requirement, the court should look at the totality of the circumstances. *People v. Moody* (1983), 94 Ill. 2d 1, 8, 445 N.E.2d 275; *People v. Valentin* (1985), 135 Ill. App. 3d 22, 30, 480 N.E.2d 1351.

■ Here, the evidence at trial disclosed that Officer Barnacle observed defendant illegally cross onto a median strip and turn without signalling. He then stopped the defendant and noted an odor of alcohol on defendant's breath and that defendant's eyes were bloodshot. Defendant told the officer he had been drinking and leaned on his car while exiting the vehicle. Officer Barnacle also testified that defendant staggered and was forced to regain his balance during the walking test, that he was unable to touch the tip of his nose in the finger-to-nose test, and that he could not understand defendant after he recited the letter "p" in the alphabet test. Defendant disputed this testimony in trial and argued that the extremely cold weather was the cause of his failure to satisfy the demands of the various tests. However, we find the evidence was sufficient such that a reasonable man would have believed defendant was intoxicated and conclude that the trial court did not err in finding that the officer had probable cause to arrest defendant and request that he submit to a breathalyzer examination.

■ Defendant next contends he had a statutory right to consult with his attorney before deciding whether to submit to the breath test and requests that this court reconsider its contrary holding in *Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341, 459 N.E.2d 651. In that case, it was determined that where an arrestee conditions or qualifies his refusal to take a breathalyzer test upon prior consultation with an attorney, he has effectively refused to take the test under the implied-

consent statute (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(a)(3)). *Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341, 344.

Defendant bases his request for consideration on the fact that the decision in *Jakubek* did not take into account the effect of section 103—4 of the Code of Criminal Procedure of 1963 on the implied-consent statute. Section 103—4 provides that "any person committed, imprisoned or restrained of his liberty for any cause whatever and whether or not such person is charged with an offense" shall be allowed to consult with an attorney. (Ill. Rev. Stat. 1983, ch. 38, par. 103—4.) In support of his argument that a consideration of the requirements of section 103—4 warrants a reversal of the decision in *Jakubek*, defendant cites *Prideaux v. State Department of Public Safety* (1976), 310 Minn. 405, 247 N.W.2d 385, where the Minnesota Supreme Court held that an arrest for driving under the influence of alcohol and decision of whether to take or refuse alcohol testing represents a "critical stage" such that an accused should be afforded a reasonable opportunity to contact an attorney.

However, there is no indication in the record of this case that defendant raised this issue at the implied-consent hearing, or in his subsequent motion for reconsideration, and the issue is waived. *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500, 475 N.E.2d 872; *Cosentino v. Price* (1985), 136 Ill. App. 3d 490, 494, 483 N.E.2d 297.

■ Moreover, recent cases have addressed the issues defendant raises and have rejected them. (*People v. Gaddi* (1986), 145 Ill. App. 3d 227, 230, 494 N.E.2d 696; *People v. Okun* (1986), 144 Ill. App. 3d 1066, 1070-71, 495 N.E.2d 115; *People v. Griffith* (1986), 143 Ill. App. 3d 683, 686-87, 493 N.E.2d 413.) The courts in these cases found that section 103—4 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 103—4) does not give a defendant a statutory right to consult with counsel prior to implied-consent testing and we do not disagree with those decisions. We conclude that defendant did not have a statutory right to consult with his attorney prior to deciding whether to submit to the breathalyzer examination as requested by the officer.

■ In his final argument on appeal, defendant contends he should have been allowed to change his mind and submit to the breath test and that Officer Barnacle's refusal to allow him to do so constituted a denial of equal protection of the law. Defendant cites two cases where the arrestees were allowed to submit to testing after initially refusing to do so (*People v. Naseef* (1984), 127 Ill. App. 3d 70, 468 N.E.2d 466; *People v. Schuberth* (1983), 115 Ill. App. 3d 302, 450 N.E.2d 459), and argues that Officer Barnacle's refusal to grant him a similar opportu-

nity was based on the fact that there was only slight evidence that defendant was intoxicated and therefore constituted a discriminatory application of the implied-consent statute. Defendant requests we remand for an evidentiary hearing to determine whether the arresting officer singled defendant out for disparate treatment.

We first note that defendant failed to raise this issue below and it is therefore waived on appeal. *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500, 475 N.E.2d 872; *Lusinski v. Dominick's Finer Foods* (1985), 136 Ill. App. 3d 640, 643, 483 N.E.2d 587.

In any event, defendant fails to establish an equal protection claim based on a discriminatory application of the law. A claimant must show that State officers intentionally engaged in the unlawful administration of a State statute, causing unequal application of the statute to an identifiable class of persons who are entitled to be treated alike. (*Roche v. Lake County* (1984), 126 Ill. App. 3d 976, 983, 467 N.E.2d 1146; *Beverly Bank v. Board of Review* (1983), 117 Ill. App. 3d 656, 664, 453 N.E.2d 96, *cert. denied* (1984), 466 U.S. 951, 80 L. Ed. 2d 539, 104 S. Ct. 2153.) However, it is established that an initial refusal to take a breathalyzer examination cannot be cured by a subsequent consent by the arrestee (*People v. Myers* (1985), 130 Ill. App. 3d 681, 684, 474 N.E.2d 923; *People v. Greenspon* (1984), 129 Ill. App. 3d 849, 852, 473 N.E.2d 331; *People v. Schuberth* (1983), 115 Ill. App. 3d 302, 304, 450 N.E.2d 459), and defendant thus had no right to a second opportunity to submit to a breath test.

Moreover, defendant fails to establish that he is a member of an identifiable class of persons entitled to equal treatment. Defendant argues this class is comprised of those individuals arrested for driving under the influence of alcohol against whom the evidence of intoxication is slight. We do not agree with defendant that this vague description adequately defines an identifiable class of persons as the equal protection clause has traditionally been limited to those classes of individuals or segments of society which have been accorded disparate treatment based upon clear distinctions such as their race, color, national origin, sex, or religion. We conclude the conduct of the arresting officer did not constitute a denial of equal protection under the laws.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HOPF and LINDBERG, JJ., concur.