THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES CADWELL, Defendant-Appellant.
Fourth District   No. 4—86—0735

Opinion filed September 3, 1987.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Linda Cullom, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

The Sangamon County circuit court denied defendant's motion to suppress results of a breath-alcohol test, which showed defendant to be intoxicated. Subsequently, a jury found defendant guilty of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501), but not guilty of improper lane usage (Ill. Rev. Stat. 1985, ch. 95½, par. 11—709). Defendant appeals his conviction for DUI, contending the results of his breath-alcohol test should have been suppressed. We disagree and affirm.

Leland Grove police officer Tim Mazrim stopped the defendant in the early morning hours of September 7, 1985, after observing him driving erratically. Defendant failed field-sobriety tests, and was transported to the Springfield, Illinois, police station where he agreed

to take a breath test for intoxication. This test showed defendant to be intoxicated.

Defendant filed a motion to suppress the results of his breath test, alleging Officer Mazrim had stopped defendant's vehicle without probable cause and the breath test had resulted from improper "implied consent" warnings. Although defendant conceded his probable cause argument following the evidentiary hearing on his motion, he amended the motion to include the ground the arresting officer had told defendant he had no right to consult with an attorney prior to taking the breath test. Although the circuit court found defendant had been incorrectly advised concerning the consequences of refusing a breath test and had been denied the opportunity to consult an attorney, the court determined these facts did not require suppression of the breath test results.

Testifying at the suppression hearing, Officer Mazrim stated he had requested defendant to perform several field-sobriety tests after stopping defendant's vehicle on the morning in question. When defendant failed these tests, Officer Mazrim placed him under arrest.

After the officer arrested defendant, he read the so-called implied-consent warnings (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(c)), from a card the officer carried with him. Officer Mazrim indicated the defendant did not initially understand the warnings, so the officer repeated them. According to Officer Mazrim, defendant questioned him concerning possible options during the trip to the police station. In response to defendant's inquiry, Officer Mazrim testified, he told defendant he was aware of situations in which a driver with a previous DUI conviction had received court supervision. Defendant did not indicate to Officer Mazrim he had a previous DUI conviction. When Officer Mazrim was asked whether he had informed defendant he could lose his driver's license for five years upon refusing a breath test, the officer responded "I may have, I don't know." When Officer Mazrim arrived at the police station with the defendant, the latter asked whether he could consult an attorney. Officer Mazrim informed defendant "[h]e did not have the right to talk to a lawyer, the reason being that I did not read the *Miranda* warning as of yet."

Also testifying at the suppression hearing, defendant indicated he had entertained questions about the consequences of submitting to or refusing the breath test and had discussed these with the arresting officer. Defendant stated he told Officer Mazrim of his previous DUI conviction, but the latter indicated defendant might nevertheless receive court supervision if he submitted to a test for intoxication. The officer also told defendant he would lose his license for five years if

defendant refused the breath test. Defendant agreed Officer Mazrim had told him he could not consult with an attorney prior to deciding whether to submit to testing.

Applying the law to the evidence adduced at the suppression hearing, the circuit court concluded the results of defendant's breath test were admissible even if the test was involuntary or consent was obtained by fraud. On appeal, defendant argues the circuit court improperly denied his motion to suppress evidence because defendant was denied his statutory and constitutional rights to consult with counsel prior to taking the breath test.

The statutory right to counsel upon which defendant relies for his argument is outlined in sections 103—3(a) and 103—4 of the Code of Criminal Procedure of 1963 (Code). (Ill. Rev. Stat. 1985, ch. 38, pars. 103—3(a), 103—4.) Section 103—3(a) gives arrestees the "right to communicate with an attorney of their choice" by telephone or other "reasonable" manner "within a reasonable time after arrival at the first place of custody." Section 103—4 affords "[a]ny person *** restrained of his liberty for any cause whatever and whether or not such person is charged with an offense" the right to "consult" with an attorney at the place of custody.

The State acknowledges the general requirement of sections 103—3(a) and 103—4 that an arrestee be permitted to communicate with an attorney even prior to commencement of formal adversarial proceedings, but contends these statutes do not apply in the context of a criminal DUI prosecution. The State notes Illinois' implied-consent statute formerly provided an arrestee with a limited right to consult an attorney following arrest for DUI. (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(a)(3).) Because this provision has been removed from the implied-consent law, the State argues the legislature intended to deny DUI offenders the protections afforded other criminal defendants by the Code. See *Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341, 459 N.E.2d 651.

Under prior law, a driver was allowed 90 minutes to consult with an attorney prior to taking a chemical test (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(a)(3)). In 1983, the prior consultation decision was deleted from the statute. We agree this may be evidence of legislative intent to afford those arrested for DUI fewer procedural safeguards than those arrested for other offenses, but we need not address this issue. Sections 103—3(a) and 103—4 provide only a right to confer with counsel in a *reasonable* manner. Our application of those sections does not require suppression of defendant's breath-test results for purposes of the DUI prosecution in this case.

■ An arrested defendant has the right to communicate and consult with his attorney in private, within a reasonable time and for a reasonable time. In the context of a DUI prosecution, where the time of testing is important, it is reasonable to require a defendant to wait until the breath test is completed to communicate with counsel. If there was undue or unusual delay between the time of the arrest and the performance of the tests, then the reasonableness standard in the statute might be violated.

■ Police in this case expressly refused defendant's request to communicate with a private attorney prior to taking a breath test. Under either a constitutional or statutory analysis of the right to counsel, this did not violate defendant's rights. There is no constitutional or statutory right to consult with counsel *prior* to taking a breath test in either an implied-consent proceeding or a DUI prosecution. *People v. Okun* (1986), 144 Ill. App. 3d 1066, 495 N.E.2d 115.

The circuit court's denial of defendant's motion to suppress was not error, and the conviction is affirmed.

Affirmed.

SPITZ, P.J., and McCULLOUGH, J., concur.