THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JEFFREY WHIPPLE, Defendant-Appellee.

Third District   No. 3—98—0272

Opinion filed July 27, 1999.

HOLDRIDGE, P.J., dissenting.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Gerald J. Meehan, of Coryn, Walker & Meehan, of Rock Island, for appellee.

JUSTICE KOEHLER delivered the opinion of the court:

The defendant, Jeffrey Whipple, was arrested on a charge of driving under the influence of alcohol (625 ILCS 5/11—501(a)(2) (West 1996)). The Rock Island circuit court granted his motion to rescind his statutory summary suspension, concluding that the defendant should have been permitted to call his attorney prior to submitting to the breathalyzer test. The State appeals, and we reverse and remand.

The defendant was arrested in the early morning hours of August 5, 1997, after failing field sobriety tests. The arresting officer read the standard "Warning to Motorists" to the defendant at 1:22 a.m. The defendant asked to speak to his attorney, and the officer refused his request. The officer explained to the defendant that he had no right to talk to a lawyer on the issue of whether he should take the breathalyzer test. At 1:52 a.m., after observing the defendant for the requisite time, the officer noted that the defendant had refused the test. During the observation period, the defendant repeatedly asked to speak to his lawyer.

After recording the defendant's refusal to submit to the breathalyzer, the officer informed the defendant of his *Miranda* rights. The defendant asked to speak with his lawyer, and the officer allowed the defendant to make a telephone call. During the course of the call, the defendant asked the officer if he could take the breathalyzer test. The officer responded that he could not.

At the end of the hearing on the defendant's motion to rescind his statutory summary suspension, the circuit court determined that the defendant had been under arrest at the time he was asked to submit to the breathalyzer tests. The court further concluded that the breathalyzer amounted to a custodial interrogation and the defendant was, therefore, entitled to counsel during that interrogation. Because the defendant was not allowed to exercise his right to counsel, the circuit court concluded that his constitutional rights had been violated. Accordingly, the court rescinded the defendant's statutory summary suspension.

The sole issue on appeal is whether the defendant was entitled to speak with his attorney before submitting, or refusing to submit, to the breathalyzer test. Illinois courts have uniformly concluded that a defendant has no right, either constitutional or statutory, to consult with an attorney prior to submitting to a breathalyzer test. See *People v. Thomas*, 199 Ill. App. 3d 79, 556 N.E.2d 1246 (1990); *People v. Cadwell*, 160 Ill. App. 3d 495, 513 N.E.2d 539 (1987); *People v. Gaddi*, 145 Ill. App. 3d 227, 494 N.E.2d 696 (1986); *Village of Cary v. Jakubek*, 121 Ill. App. 3d 341, 459 N.E.2d 651 (1984). We see no reason to depart from the settled jurisprudence of this state. The defendant's refusal to submit to a breathalyzer is not a constitutionally protected act. *South Dakota v. Neville*, 459 U.S. 553, 564, 74 L. Ed. 2d 748, 759, 103 S. Ct. 916, 923 (1983). Nor is it an "interrogation" within the context of the *Miranda* decision. *Neville*, 459 U.S. at 564 n.15, 74 L. Ed. 2d at 759 n.15, 103 S. Ct. at 923 n.15. Moreover, the refusal to submit to a breathalyzer test is not a "critical stage" of the criminal proceedings. *People v. Okun*, 144 Ill. App. 3d 1066, 1070, 495 N.E.2d 115, 118 (1986).

The dissent maintains that the defendant had a statutory right to communicate with counsel in a reasonable manner (725 ILCS 5/103—3(a) (West 1996)) and for a reasonable time (725 ILCS 5/103—4 (West 1996)). Illinois courts have repeatedly rejected this argument. See *Cadwell*, 160 Ill. App. 3d 495, 513 N.E.2d 539; *People v. Graziano*, 151 Ill. App. 3d 475, 502 N.E.2d 822 (1986); *People v. Griffith*, 143 Ill. App. 3d 683, 493 N.E.2d 413 (1986); *Okun*, 144 Ill. App. 3d 1066, 495 N.E.2d 115.

Further, the dissent claims that it was a "departmental policy" to deny the defendant the right to speak with his attorney during the 20-minute observation period preceding the breathalyzer test. This is inaccurate. The Illinois Vehicle Code provides that chemical analysis of a person's breath must be performed according to standards promulgated by the Department of Public Health (Department). 625 ILCS 5/11—501.2(a)(1) (West 1996). The Department's regulations governing breathalyzer tests provide that the subject of the test must be continuously observed for at least 20 minutes before the test is given. 77 Ill. Adm. Code § 510.60 (1996). Obviously, it was not an arbitrary policy of the arresting jurisdiction to make the defendant wait 20 minutes before administering the breathalyzer test. It was the law of the State of Illinois. See also *People v. Diaz*, 247 Ill. App. 3d 625, 617 N.E.2d 848 (1993); *People v. Orth*, 124 Ill. 2d 326, 530 N.E.2d 210 (1988); *People v. Winfield*, 30 Ill. App. 3d 668, 332 N.E.2d 634 (1975); *People v. Crawford*, 23 Ill. App. 3d 398, 318 N.E.2d 743 (1974).

Additionally, the refusal to allow the defendant to speak with an attorney during this 20-minute period does not coincide with a fear

that the defendant will attempt to exercise his rights. Instead, it is an acknowledgment of the defendant's right to speak with his attorney in private. If the defendant is allowed to speak with his attorney privately, then he cannot be under "continuous observation" as required by the Department's regulations. Moreover, allowing the defendant to delay the administration of the breathalyzer test by engaging in a lengthy discussion with his attorney would thwart the State's legitimate interest in prosecuting persons who drive while under the influence of alcohol. Indeed, the quickest way to ensure that the interests of the State and the rights of the defendant are protected is to, as promptly as possible, conduct the 20-minute observation, administer the breathalyzer test, and then allow the defendant to speak, confidentially, with his attorney. Accordingly, we see no reason to deviate from the oft-stated jurisprudence of this state.

We conclude, therefore, that the circuit court erred when it determined that the defendant could consult an attorney before deciding whether to submit to the breathalyzer test because a defendant has neither a constitutional nor statutory right to do so. Accordingly, the judgment of the circuit court of Rock Island County is reversed and remanded.

Reversed and remanded.

LYTTON, J., concurs.

PRESIDING JUSTICE HOLDRIDGE, dissenting:
I respectfully dissent. I agree with the majority's analysis that there is no absolute constitutional or statutory right to consult an attorney prior to submitting to a breathalyzer test. However, individuals being detained by the police, including those required to submit to a breathalyzer, have a statutory right to consult with an attorney within a reasonable time after arrival at the first place of custody. I believe that, under the facts and circumstances of this case, this defendant's statutory right to counsel was violated, and I would affirm the trial court on that basis.

Section 103—3(a) of the Code of Criminal Procedure of 1963 provides:
"Persons who are arrested shall have the right to communicate with an attorney of their choice *** by making a reasonable number of telephone calls or in any other reasonable manner. *Such communication shall be permitted within a reasonable time after arrival at the first place of custody.*" (Emphasis added.) 725 ILCS 5/103—3(a) (West 1996).

Further, our legislature has provided:

> "Any person committed, imprisoned or restrained of his liberty for any cause whatever and whether or not such person is charged with an offense shall, except in cases of imminent danger of escape, be allowed to consult with any licensed attorney at law of this State whom such person may desire to see or consult, alone and in private at the place of custody, as many times and for such period each time as is reasonable." 725 ILCS 5/103—4 (West 1996).

Here, the defendant was taken into custody and transported to the Rock Island county jail. The defendant immediately identified his attorney and requested an opportunity to consult with the attorney by phone. His request was refused. For the next 20 minutes, the defendant repeatedly asked to be allowed to speak to his attorney, but each request was refused. It is important to note that no attempt was made to administer the breathalyzer test during this 20 minutes. Rather, the defendant simply sat within easy reach of a telephone while the deputy waited for 20 minutes to pass. In fact, the record establishes that the refusal of the defendant's request served no purpose other than compliance with a departmental policy. Thus, it is clear from the record that granting the defendant's request to speak with his attorney at anytime during the 20-minute delay prior to administering the breathalyzer test would not have impaired the State's ability to administer the test.

Under the circumstances of this case, where granting the defendant's request to speak to an attorney would not have delayed the testing procedure, it was unreasonable for the deputy to deny the defendant access to his attorney. This unreasonable delay violated the statutory requirement that the defendant be allowed to contact his attorney within a reasonable time after being restrained of his liberty and the trial court was correct in so finding.

Further, to the extent that the purpose of the departmental policy of denying the defendant access to his attorney while the clock ticks down the magic 20 minutes was to prevent the defendant from seeking advice of counsel, I am reminded of our supreme court's admonition:

> " 'No system worth preserving should have to fear that if an accused is permitted to consult with a lawyer, he will become aware of, and exercise, [his] rights.' (Emphasis omitted.) [Citation.] If our system is, indeed, such a system, we have no reason to fear both lawful and protected consultation." *People v. McCauley*, 163 Ill. 2d 414, 446 (1994), quoted in *People v. Milestone*, 283 Ill. App. 3d 682, 687 (1996).

For the foregoing reasons, I would have affirmed the decision of the trial court, and I dissent on that basis.