Patrick HELES, Appellee,

v.

STATE OF SOUTH DAKOTA; Driver Improvement Program, South Dakota Department of Public Safety, Appellants.

No. 82–1225.

United States Court of Appeals, Eighth Circuit.

Submitted June 18, 1982.

Decided July 7, 1982.

Mark V. Meierhenry, Atty. Gen., Mark Smith, Asst. Atty. Gen., Pierre, S. D., for appellants.

John P. Blackburn, Atty. at Law, Yankton, S. D., for appellee.

J. Scott Brown, Kansas City, Mo., David Crump, The Legal Foundation of America, Houston, Tex. (Murry B. Cohen, Houston, Tex., of counsel), amicus curiae for The Legal Foundation of America.

Before HEANEY and ARNOLD, Circuit Judges, and REGAN,* Senior District Judge.

ARNOLD, Circuit Judge.

Patrick J. Heles brought this suit for a declaratory judgment that South Dakota

---

* The Hon. John K. Regan, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

law respecting revocation of drivers' licenses violated the Sixth and Fourteenth Amendments by prohibiting him from calling a lawyer for advice before being compelled, on pain of losing his license for one year, to submit to a blood-alcohol test. The District Court, 530 F.Supp. 646 (D.S.D. 1982), agreed with plaintiff, and the State appeals. We are now informed that the plaintiff is dead, and we therefore must dismiss this case as moot.

This is not a class action, nor was there a prayer for damages. The controversy is wholly personal to plaintiff and cannot survive him. Both parties urge us to decide the case nevertheless, on the ground that the issue of law is important and will doubtless recur. We sit, however, only to decide live cases and controversies, not to answer legal questions, no matter how interesting and important they may be as a general matter. The "capable of repetition, but evading review" exception to the rule of mootness is unavailing here, because this question, though it will recur in someone's case, will not again arise with respect to Heles. See *Murphy v. Hunt,* —— U.S. ——, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982).

The judgment of the District Court is vacated, and this cause is remanded to it with directions to dismiss the complaint as moot. See *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

It is so ordered.