928 F.2d 404
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernice A. ALLEN, Plaintiff-Appellee,
v.
Agnes MANSOUR, Kevin Seitz, and Robert Levin, Defendants-Appellants.
 No. 89-2217.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 86-73429; Su??einrich, J.
 E.D.Mich.
 APPEAL DISMISSED AND REMANDED.
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, HIGGINS, District Judge.*
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Appellants ("the state") are state officials who appeal an order of the district court directing them to approve funding of liver transplant surgery for plaintiff, Jeffrey Allen. Since he died subsequent to the issuance of that order, but before the surgery could be performed, Allen's personal representative asks us to dismiss the appeal as moot.
 
 
 2
 Allen had sued the state, contending that selection criteria it developed to determine eligibility for medicaid funding for the surgery, violated federal and state law. The criteria required two years of abstinence from alcohol, a requirement Allen could not satisfy. On appeal, the state seeks to litigate the validity of its selection criteria, contending that the issue is not moot because it is "capable of repetition yet evading review."
 
 
 3
 The jurisdictional doctrine of mootness emerges as a result of the Constitution extending judicial power to the federal courts only in "cases" and "controversies." U.S. Const. art. III, Sec. 2. To satisfy the case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision. Iron Arrow Honor Society v. Heckler, 464 U.S. 67 (1983). The doctrine of mootness requires that litigation have continuing vitality, even throughout the course of appellate review. Kremens v. Bartley, 431 U.S. 119 (1977). It is akin to saying that, although an actual case or controversy once existed, changed circumstances have intervened to destroy standing to the extent that the dispute is essentially ended and meaningful relief is no longer possible. 13A Wright & Miller, Federal Practice and Procedure Sec. 3533, p. 211; Sec. 3533.3, p. 261 (2d ed. 1984). See also Boals v. Gray, 775 F.2d 686, 687, 696-97 (6th Cir.1985).
 
 
 4
 When a dispute becomes moot, there no longer remains to be resolved a real, substantial controversy between parties having adverse legal interests. In such a situation, courts lack jurisdiction to resolve the merits of issues raised by the litigation; the dispute and issues have become hypothetical or abstract, and courts are not empowered to render empty advisory opinions that can have no effect upon the behavior of the parties toward each other. Hall v. Beals, 396 U.S. 45, 48 (1969); International Union, UAW v. Dana Corp., 697 F.2d 718, 720-21 (6th Cir.1983).
 
 
 5
 The question confronting us on appeal, then, is whether, under the circumstances of this case, a need remains for us to address the merits of the district court's order, since Allen died after that order was rendered but before he could receive the relief it provided for him.
 
 
 6
 Ordinarily, one would expect that the death of a plaintiff requires dismissal of a case for mootness, since that plaintiff is no longer in a position to have his injury redressed by the courts. Kennerly v. United States, 721 F.2d 1252, 1260 (9th Cir.1983); Heles v. South Dakota, 682 F.2d 201, 202 (8th Cir.1982); Scott v. University of Delaware, 601 F.2d 76, 81 (3d Cir.), cert. denied, 444 U.S. 931 (1979). Mootness applies also to situations where, as here, the plaintiff seeks a declaratory judgment invalidating or modifying a state policy, since death prevents the plaintiff from benefiting in any way from the requested relief. Rhodes v. Stewart, 488 U.S. 1 (1988).
 
 
 7
 The state argues that it is entitled to the benefit of an often stated (but not so frequently applied) exception to the mootness doctrine, because the issue raised by this appeal is "capable of repetition, yet evading review." This exception was first developed by the Supreme Court out of concern that review of government agency conduct ought not be defeated by the issuance of short-term orders which are capable of being reissued, yet evade review because of the brevity of their duration. Southern Pacific Terminal Co. v. I.C.C., 219 U.S. 498 (1911). In order to evade mootness here, the state must demonstrate that (1) the challenged official action is likely to be repeated, (2) will be of a duration too short to be fully litigated prior to its cessation or expiration, and (3) there is "a reasonable expectation that the same complaining party [will] be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam).
 
 
 8
 In view of Allen's death, the clearest basis for finding mootness in this appeal is the inability of the state to satisfy the third requirement. Heles v. South Dakota, 682 F.2d at 202. ("The 'capable of repetition, but evading review' exception to the rule of mootness is unavailing here, because this question, though it will recur in someone's case, will not again arise with respect to Heles.")
 
 
 9
 But, we are reminded by the state that this court has previously held that the term "same complaining party" as used in Weinstein, "refers to the appellant in this court," and not to just the plaintiff. Marshall v. Local Union 20, 611 F.2d 645, 649 (6th Cir.1979). For at least three reasons, application of the Marshall ruling to the circumstances of this appeal, makes little sense. First, doing so would be inconsistent with the clear language of Weinstein, since it is manifest that the state cannot be "subjected to the same action again"--application of the criteria will not deny it funding for a liver transplant! Second, regarding the state as a complaining party capable of invoking the exception places it in the anomalous position when asking us to review its conduct. A genuinely "complaining party" would ask us to invalidate that conduct, since it is what gave rise to the lawsuit. Instead, the state wants us to embrace the conduct. And, finally, denominating the state a "complaining party" on appeal makes little sense, since the event that is said to moot the case resulted in the state's achieving precisely what it sought by defending the lawsuit--avoidance of payment for Allen's transplant surgery. All this tends to illustrate why Marshall has been so roundly criticized. See, e.g., 13A Wright & Miller, Federal Practice and Procedure 3533.8, p. 388 (2d ed. 1984).
 
 
 10
 However, the question of mootness does not turn solely on Weinstein's third requirement, since it is apparent that the state has not demonstrated compliance with the second requirement, that its official conduct will evade review due to time restraints. While Allen did not survive long enough to have his surgery, the state has not shown that there is a substantial likelihood that everyone who in the future is denied surgery through the state's application of the criteria will be so short-lived. Accordingly, we are not convinced that the state's conduct, if it is repeated in the future, will evade review in the course of a case or controversy as contemplated by Article III of the Constitution. Furthermore, it is not clear that the state's action is capable of repetition, in view of 1987 amendments to federal statutes which are alluded to in the state's brief. See Hall v. Beals, 396 U.S. at 48; In re Bunker, Ltd. Partnership, 820 F.2d 308, 312-13 (9th Cir.1987).
 
 
 11
 In view of Allen's death, there is no longer a present, live controversy before us and the dispute between the parties has been rendered moot with the result that the parties to this appeal are seeking an advisory opinion from this court. As it is impossible for us to issue a decision which will have any impact upon Allen, and the circumstances of this appeal do not fall within any well-recognized exception to the mootness doctrine, the appeal is dismissed as moot and this cause is remanded to the district court with instructions to vacate that portion of the final order from which this appeal is taken, and to dismiss the complaint.
 
 
 
 *
 The Honorable Thomas A. Higgins, United States District Judge for the Middle District of Tennessee, sitting by designation