*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0134p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA, WAYNE COUNTY
DEPARTMENT OF HEALTH, AIR POLLUTION CONTROL
DIVISION,

　　　　　　　　　　　　　　　　*Plaintiffs,*

UNITED STATES ARMY CORPS OF ENGINEERS,

　　　　　　　　　　　　*Respondent-Appellant,*

　　　*v.*

THE CITY OF DETROIT, PEOPLE OF THE STATE OF
MICHIGAN, MACOMB COUNTY, COUNTY OF
OAKLAND, WAYNE COUNTY,

　　　　　　　　　　　　*Defendants-Appellees.*

No. 04-1047

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 77-71100—John Feikens, District Judge.

Submitted: March 8, 2005

Decided and Filed: March 16, 2005

Before: MOORE and SUTTON, Circuit Judges; CARMAN, Judge.[*]

---

**COUNSEL**

**ON BRIEF:** Todd S. Aagaard, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellant. Mark D. Jacobs, DYKEMA GOSSETT, Detroit, Michigan, Joseph C. Basta,
Jill M. Wheaton, DYKEMA GOSSETT, Ann Arbor, Michigan, John Fordell Leone, OFFICE OF
THE ATTORNEY GENERAL, Lansing, Michigan, for Appellees.

---

[*]The Honorable Gregory W. Carman, United States Court of International Trade, sitting by designation.

———————————

**OPINION**

———————————

KAREN NELSON MOORE, Circuit Judge.  On August 3, 2000, the City of Detroit ("Detroit") and the State of Michigan ("the State") entered into a consent judgment which required Detroit to dredge and dispose of contaminated sediment from Conner Creek, a channel connected to the Detroit River.  Detroit wanted to dispose of the Conner Creek dredged material at Pointe Mouillee, a Confined Disposal Facility ("Pointe Mouillee CDF") operated by the United States Army Corps of Engineers ("Corps").  The Corps refused to accept the Conner Creek dredged material without first conducting further environmental reviews based on its concern about the level of contamination.

Detroit and the State then sought and were granted an injunction in district court requiring the Corps to accept the Conner Creek dredged material at the Pointe Mouillee CDF.  *United States v. Michigan*, 122 F. Supp. 2d 785 (E.D. Mich. 2000).  The Corps appealed, and on January 11, 2002, a panel of this court vacated the injunction on the grounds that the district court lacked the authority to issue such an injunction under the All Writs Act, 28 U.S.C. § 1651(a).  *United States v. City of Detroit*, No. 01-1277, 2002 WL 47825, at *5 (6th Cir. Jan. 11, 2002).  Detroit and the State then petitioned for rehearing en banc, and we granted the petition.  *United States v. City of Detroit,* No. 01-1277, 2002 WL 1181064 (6th Cir. May 24, 2002).

On May 15, 2003, we held that the district court had not necessarily exceeded its authority by issuing the injunction.  *United States v. City of Detroit*, 329 F.3d 515 (6th Cir. 2003) (en banc).  Specifically, we held that:  (1) there was no sovereign immunity barrier to the injunction as the waiver of sovereign immunity contained in § 702 of the Administrative Procedure Act ("APA") applies in cases brought under statutes other than the APA; and (2) the district court had the authority under the All Writs Act to issue the injunction.  *Id.* at 520-24.  Nonetheless, we found that the district court ought to have considered whether the motion for injunctive relief should have proceeded under the APA rather than the All Writs Act and whether the Corps's belief that further environmental assessment was required was "arbitrary and capricious."  *Id.* at 527.  Thus, we remanded the case to the district court for further consideration of these points.

The district court on remand determined that the injunction had been properly issued under the All Writs Act and that the Corps's determination that further environmental assessment was required was arbitrary and capricious.  *United States v. City of Detroit*, 288 F. Supp. 2d 836, 838-44 (E.D. Mich. 2003).  The district court also rejected the Corps's argument that the case was moot because the Conner Creek dredging project might be completed without the need of any use of the Pointe Mouillee CDF.  *Id.* at 837-38.  The Corps then filed a timely appeal.

After briefing had been completed but prior to oral argument, counsel for Detroit contacted the Corps and indicated that Detroit was "no longer interested" in using the Pointe Mouillee CDF. Appellant's Mot. to Vacate and Dismiss at 1.  Detroit's position was then confirmed in its February 9, 2005 letter to the Corps stating that it had "now ruled out the need for the Pointe Mouillee CDF for the deposit of the dredged materials at issue.  As a result, the relief provided for in the order currently on appeal to the Sixth Circuit is no longer necessary."  Detroit therefore requested that the Corps dismiss its appeal.

The Corps then filed a motion to dismiss the appeal as moot.  The Corps requests that we vacate all prior decisions in this litigation.  Detroit, along with the other litigants, supports the Corps's motion to dismiss the appeal as moot.  Detroit also agrees with the vacatur of the district court's October 22, 2003 injunction and judgment.  However, Detroit opposes vacatur of our prior en banc decision and the district court's original judgment.  We agree with the parties that the

Corps's appeal should be dismissed as moot and that the district court's October 22, 2003 injunction and judgment should be vacated. Furthermore, we agree with Detroit that vacatur of our prior en banc decision is unwarranted in this case. Accordingly, we DISMISS the Corps's appeal as moot, VACATE only the district court's October 22, 2003 judgment, and REMAND the case to the district court for vacatur of the October 22, 2003 injunction.

## I.  MOOTNESS AND VACATUR OF THE INJUNCTION

"A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *Cleveland Branch, N.A.A.C.P. v. City of Parma,* 263 F.3d 513, 530 (6th Cir. 2001) (citing *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). "A case becomes moot 'when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome.'" *Id*. (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Mootness generally depends on "whether the relief sought would, if granted, make a difference to the legal interests of the parties. . . ." *McPherson v. Michigan High School Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (internal quotation marks and citation omitted). "The mootness inquiry must be made at every stage of a case; thus, if a case becomes moot during an appeal, the judgment below must be vacated and the case remanded with instructions to dismiss." *Id.*

The Corps contends that its appeal and the district court's October 22, 2003 injunction are both moot because Detroit has voluntarily decided that it no longer requires the use of the Pointe Mouillee CDF. Detroit agrees with the Corps that both the appeal and the injunction are moot. Detroit contends that it no longer needs to use the Pointe Mouillee CDF because it has found an alternative and viable means of disposing of the Conner Creek dredged material. Given that the parties agree that both the appeal and the district court's October 22, 2003 injunction are now moot, there is no live controversy for us to consider.[1] Accordingly, we grant the Corps's motion to dismiss its appeal as moot, and we remand the case to the district court with instructions that the injunction be vacated.

## II.  VACATUR OF PRIOR DECISIONS

We agree with the Corps and Detroit that as a result of our mootness decision, the district court's injunction and judgment of October 22, 2003 ought to be vacated. *See generally McPherson*, 119 F.3d at 458 (indicating that where a case involving an injunction becomes moot on appeal, the case should be remanded to the district court with instructions to vacate the injunction). The Corps not only asserts, however, that the injunction should be vacated but also argues for vacatur of our previous en banc decision and of the original district court opinion. The Corps argues that denying vacatur "is particularly prejudicial to the United States in this case because the . . . decisions . . . reached issues that are of broad importance to the United States beyond this litigation, including sovereign immunity, the scope of judicial review of agency action under the APA, and the authority under the All Writs Act to enjoin nonparties." Appellant's Mot. to Vacate and Dismiss at 7. Detroit opposes vacatur of our previous en banc decision and of the original district court opinion. We

---

[1] It is generally the rule that voluntary termination of contested conduct will not render an appeal moot unless it has been shown that the conduct "could not reasonably be expected to recur." *American Canoe Ass'n, Inc. v. City of Louisa Water & Sewer Comm'n*, 389 F.3d 536, 543 (6th Cir. 2004) (internal quotation marks and citation omitted). This rule is meant to protect a party from an opponent who seeks to defeat judicial review by temporarily altering its behavior. *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001). In this case the Corps is unconcerned about any possibility that Detroit may in the future renew its efforts to use the Pointe Mouillee CDF, as evidenced by the Corps's motion to dismiss both the appeal and the October 22, 2003 injunction as moot. Given the Corps's position, we do not believe that the voluntary-cessation rule precludes our dismissal of the appeal and the judgment below as moot.

agree with Detroit that vacatur of these decisions would be improper under the circumstances of this case.

"Whether any opinion should be vacated on the basis of mootness is an equitable question." *Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 484 (6th Cir. 2004). The Corps is correct that the Supreme Court's decision in *United States v. Munsingwear*, 340 U.S. 36 (1950), indicates that generally mootness does justify vacatur of the judgment under review. *See id.* at 39-41 (vacatur of the judgment under review is appropriate where mootness results from the unilateral action of the party who prevailed in the lower court); *compare U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) ("mootness by reason of settlement does not justify vacatur of a judgment under review"). The *Munsingwear* rule is an equitable one that is employed where necessary "to prevent a judgment, unreviewable *because of mootness*, from spawning any legal consequences." *Munsingwear*, 340 U.S. at 41 (emphasis added); *see also Humphreys v. Drug Enforcement Admin.*, 105 F.3d 112, 114 (3d Cir. 1996) ("*Munsingwear* should not be applied blindly, but only after a consideration of the equities and the underlying reasons for mootness."). The rule is "used to ensure that a losing party's right of appellate review is not frustrated by circumstances out of that party's control." *Mellen v. Bunting*, 327 F.3d 355, 364 (4th Cir. 2003), *cert. denied*, 124 S. Ct. 1750 (2004).

We agree with the Corps that the Supreme Court's decision in *Munsingwear* indicates that we ought to vacate the district court's most recent decision, which is the decision under review in this appeal. The Corps, under the circumstances of this case, will be denied appellate review of the district court's October 22, 2003 decision as a result of Detroit's changed position that it no longer needs to use the Pointe Mouillee CDF. We are precluded, however, from reviewing our prior en banc decision, and consequently the district court's original decision, not as a result of mootness but as a result of the law-of-the-case doctrine and the rules of our Circuit. *See United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) ("Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation."); *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) ("Court en banc consideration is required to overrule a published opinion of the court.") (quoting 6th Cir. R. 206(c)), *cert. denied*, 536 U.S. 942 (2002); Appellant Br. at 53 (acknowledging that on appeal this panel is unable to address the issues decided by the en banc Court). Thus, the *Munsingwear* rule is inapplicable with respect to our en banc decision. Furthermore, we have not been able to find any case in which, based upon mootness, a judgment other than the one under review was vacated. We therefore conclude that vacatur of our prior en banc decision would be inappropriate in this case.

This outcome does not result in a decision which the Corps was unable to challenge on appellate review. On the contrary, the Corps's challenges to the district court's original decision were reviewed not merely by a panel of this court but also by this court en banc. The Corps could have petitioned the U.S. Supreme Court for a writ of certiorari to review our en banc decision but chose not to do so, even after the grant of an extension of time to consider and prepare a certiorari petition. Moreover the mandate from our en banc judgment has been issued. Given all these reasons, we conclude that the equitable remedy of vacatur of our prior en banc decision is not warranted under these circumstances.

## III. CONCLUSION

For the reasons set forth above, we DISMISS the Corps's appeal as moot and VACATE only the district court's October 22, 2003 judgment. We REMAND the case to the district court for vacatur of the October 22, 2003 injunction.