**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0107n.06

No. 08-1726

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 18, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| ROBERT TOWNSEND, | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| DOUGLAS VASBINDER, Warden, | ) |
| | ) |
| Respondent-Appellee. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

BEFORE:  KENNEDY, ROGERS, Circuit Judges, and HOOD, District Judge.[*]

**ROGERS, Circuit Judge.**  Robert Townsend appeals the district court's denial of his petition for the writ of habeas corpus.  Townsend alleges, as the constitutional bases for his habeas petition, that the Michigan Parole Board's retroactive application of changes to its policies and procedures violates the Ex Post Facto and Due Process Clauses.  In his initial brief on appeal, Townsend argues that the "appropriate remedy" in this habeas case "is either (1) an evidentiary hearing to determine whether immediate release is appropriate, or (2) resentencing with the opportunity to seek a sentence of a definite term of years corresponding with the original intent of the sentencing judge."  However, Townsend was released on parole during the pendency of this appeal.  After his release on parole, Townsend submitted a reply brief in which he seeks different

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

relief: namely, he asks this court to order an evidentiary hearing so he can show that, in light of "past parole practices and his institutional record," he probably "would have been paroled many years ago." Townsend explains "that if he had been paroled many years ago, he likely would not have violated his parole" and, therefore, he already would have completed successfully his four-year term of parole.

Because Townsend's release on parole renders irrelevant his request for an evidentiary hearing to determine whether his immediate release is appropriate, and because Townsend cannot revise his request for relief in his reply brief to avoid dismissal, Townsend's appeal is moot with regard to his request for an evidentiary hearing. To the extent that Townsend seeks only resentencing in his habeas petition, filed *pro se*, and to the extent that Townsend's release on parole did not render moot this request, Townsend points to no authority to support his claim that he is entitled to resentencing. Finally, in light of this court's reversal of the summary judgment for plaintiffs in *Foster-Bey v. Rubitschun*, No. 05-71318, 2008 WL 7020690 (E.D. Mich. Oct. 23, 2008), *rev'd sub nom. Foster v. Booker*, Nos. 08-1371, -1372, -1626 (6th Cir. Feb. 18, 2010), there is no constitutional violation to justify granting Townsend the relief he seeks in his habeas petition. Accordingly, Townsend's appeal is dismissed.

Townsend was convicted by a Michigan jury of second degree murder on June 6, 1968. Approximately two weeks later, Jackson County Circuit Court Judge Gordon W. Britten sentenced Townsend to life in prison with the possibility of parole. Townsend challenged his conviction on direct appeal and in federal collateral proceedings without success.

Under Michigan law, an individual sentenced to "parolable life" for an offense committed before October 1, 1992, comes within the jurisdiction of the Parole Board after serving ten calendar years of the life sentence. Mich. Comp. Laws § 791.234(7)(a). Although Townsend was reviewed for parole, decades passed without his release. In 2003, Townsend filed a motion for relief from judgment in the Jackson County Circuit Court, apparently alleging that the Parole Board had violated his constitutional rights and seeking resentencing.[1] The circuit court denied Townsend's motion for relief from judgment, *People v. Townsend*, No. X6-430-67 (Mich. Cir. Ct. Sept. 8, 2003), and then denied his motion for reconsideration, *People v. Townsend*, No. X6-430-67 (Mich. Cir. Ct. Sept. 22, 2003). The Court of Appeals denied Townsend's application for leave to appeal the circuit court's decision, *People v. Townsend*, No. 251336 (Mich. Ct. App. Mar. 11, 2004), as did the Michigan Supreme Court, *People v. Townsend*, No. 125961 (Mich. Nov. 29, 2004).

A short time later, on December 10, 2004, Townsend filed a petition for the writ of habeas corpus *pro se* in the United States District Court for the Eastern District of Michigan. Townsend's brief in support of his habeas petition alleges that the Parole Board violated the Ex Post Facto and Due Process Clauses by retroactively applying changes to Parole Board policies and procedures—changes made after he committed his offense—to his parole review. Townsend's brief further alleges that, as a result of the changes, his parolable life sentence is now "the functional equivalent" of a mandatory life sentence (a sentence imposed upon conviction of first degree murder under Michigan law) because the Parole Board no longer exercises its discretion meaningfully on

---

[1] A copy of this motion was not included in the record below.

a case-by-case basis. Townsend submitted various correspondence and other documents in support of his habeas petition, including an affidavit sworn out by Judge Britten on July 18, 2002. In this affidavit, Judge Britten states that, had he known the Parole Board's exercise of its discretion would change over time, he "would have sentenced [Townsend] to a term of years," rather than parolable life, "and [Townsend] would now be free and no longer a burden upon the tax-payers." Townsend's brief in support of his habeas petition concludes that resentencing is the only available remedy for the Parole Board's alleged constitutional violations.

After Townsend filed his habeas petition, a group of Michigan Department of Corrections inmates serving parolable life sentences for offenses committed before October 1, 1992, filed a class-action complaint in the United States District Court for the Eastern District of Michigan pursuant to 42 U.S.C. § 1983. *See Foster-Bey*, 2008 WL 7020690, at *1-2. The *Foster* plaintiffs allege that post-1992 changes to the Parole Board's policies and procedures violate the Ex Post Facto and Due Process Clauses when applied retroactively. *See id.* Townsend is a member of the *Foster* plaintiff class. On October 23, 2007, the *Foster* district court granted the plaintiffs' motion for summary judgment on their ex post facto claim. *Id.* at *23. The *Foster* district court entered a remedial order on February 7, 2008, that required the Parole Board to provide "prompt personal parole review of the plaintiff class, subject to the laws, policies, procedures, and applying the standards, that were the norm for the decades before 1992." *Foster-Bey v. Rubitschun*, No. 05-71318, slip op. at 2 (E.D. Mich. Feb. 7, 2008) ("Decl'y J. and First Remedial Inj. Order").

- 4 -

The district court considering Townsend's habeas petition dismissed his ex post facto and due process claims on December 19, 2007, because those claims were "duplicative of and ha[d] been subsumed by the claims asserted in the class action." *Townsend v. Vasbinder*, No. 04-CV-74846, 2007 WL 4557715, at *3-4 (E.D. Mich. Dec. 19, 2007). Although Townsend's request for resentencing was not subsumed by the class action, the district court required Townsend to show cause why that claim should not be denied. *Id.* at *4-6. For purposes of further analysis of Townsend's resentencing claim, the district court "assume[d] the correctness" of the *Foster* district court's conclusion that the Parole Board had violated the Ex Post Facto Clause. *Id.* at *4.

The district court ultimately denied Townsend's habeas petition on April 30, 2008, because Townsend had not shown "that the state court's decision that his rights under the Constitution were not violated by the parole board's failure to release him on parole was contrary to or an unreasonable application of Supreme Court precedent."[2] *Townsend v. Vasbinder*, No. 04-CV-74846, 2008 WL 1902105, at *5 (E.D. Mich. April 30, 2008). The district court also remained unpersuaded that Townsend was entitled to resentencing. *Id.* Townsend now appeals.

Pursuant to the injunctive relief ordered by the *Foster* district court, Townsend was released on a four-year term of parole during the pendency of this appeal. However, this court has since reversed the *Foster* district court's grant of the plaintiffs' motion for summary judgment on the ex post facto claim and vacated the injunction. *See Foster v. Booker*, Nos. 08-1371, -1372, -1626 (6th

---

[2]The parties devote a significant part of their briefs to the issue of the proper standard of review on appeal. Because we dismiss Townsend's appeal as moot, we do not reach that issue.

Cir. Feb. 18, 2010). At oral argument in *Foster*, counsel for the Michigan Parole Board and the Michigan Department of Corrections stated that members of the plaintiff class who, like Townsend, were released on parole pursuant to the *Foster* district court's remedial order will not have their parole revoked as a result of this court's reversal of the *Foster* district court's decision.

Townsend's release on parole rendered moot his request for relief in the form of an evidentiary hearing to determine whether his immediate release is appropriate. A "case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). To determine whether a case is moot, this court considers "whether the relief sought would, if granted, make a difference to the legal interests of the parties." *United States v. City of Detroit*, 401 F.3d 448, 450-51 (6th Cir. 2005) (quoting *McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc)).

This case is analogous to *Demis v. Sniezek*, 558 F.3d 508, 510 (6th Cir. 2009), where this court dismissed as moot a federal inmate's appeal from the dismissal of his habeas petition. In *Demis*, the inmate-petitioner challenged the legality of a Bureau of Prisons' regulation that prohibited consideration of his request for transfer to a community correctional center. *Id.* The inmate's appeal was moot because, during the pendency of the litigation, the prisoner had been transferred to a community correctional center and later placed on supervised release. *Id.* at 513; *see also id.* at 515. Accordingly, this court concluded that "no actual injury remain[ed] that . . . could [be] redress[ed] with a favorable decision." *Id.* at 513. Similarly, Townsend's appeal is moot

because he has been released on parole and thus no longer needs an evidentiary hearing to determine whether his immediate release is appropriate. Such an evidentiary hearing, if granted, would make no difference to Townsend's legal interests. Although Townsend argues in his reply brief that he is entitled to additional relief because, but for the alleged ex post facto violation, he would have completed his parole years ago, he cannot revise his argument on appeal to avoid dismissal for mootness. Townsend's appeal is, therefore, moot with regard to his request for an evidentiary hearing.

To the extent that Townsend's release on parole did not render moot his request for resentencing (as opposed to his request for a hearing), Townsend points to no authority that supports his claim on appeal that he is entitled to such relief. The cases Townsend cites for the proposition that the "*usual* remedy for an ex post facto violation in sentencing is a remand for resentencing," Townsend's Br. 18 (quoting *United States v. Lominac*, 144 F.3d 308, 316 (4th Cir. 1998)) (emphasis added), are distinguishable and thus unpersuasive. In *Lominac*, 144 F.3d 308, the criminal defendant was sentenced for violating the terms of his supervised release under a law enacted after he had committed his original offense. In *Thompson v. Blackburn*, 776 F.2d 118 (5th Cir. 1985), there remained a factual question whether the criminal defendant had committed his offense before the effective date of an amendment that eliminated the benefit of parole, probation, or suspension of sentence for the convicted offense. In both *Lominac* and *Thompson*, then, the issue was whether a criminal defendant had been sentenced, as an original matter, under a law that could properly be applied to him. Neither *Lominac* nor *Thompson* involved a parole board's implementation of a

change to a parole policy or procedure, allegedly unconstitutional when applied retroactively, after the sentencing court had imposed an indisputably valid sentence for the convicted offense. Therefore, in *Lominac*, and potentially in *Thompson*, "resentencing under the law in place at the time the defendant committed his crime" was the appropriate remedy. *See Lominac*, 144 F.3d at 316. Townsend has provided no further support for his assertion that resentencing also would be the appropriate remedy here.

In any event, even if this court were to reach the merits of Townsend's habeas petition, he still would not be entitled to relief. Townsend's habeas petition rests on the facts developed in *Foster-Bey*, 2008 WL 7020690, to establish the Michigan Parole Board's ex post facto violation. But this court has since reversed the *Foster* district court's grant of the plaintiffs' motion for summary judgment on the ex post facto claim. *See Foster v. Booker*, Nos. 08-1371, -1372, -1626 (6th Cir. Feb. 18, 2010).

For the foregoing reasons, Townsend's appeal from the district court's denial of his habeas petition is dismissed.