NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0745n.06

No. 09-3182

**FILED**
**Nov 30, 2010**
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MARY IMMEL,                                     )
                                                )
       **Plaintiff-Appellant,**                  )
                                                )
                                                )    ON APPEAL FROM THE
v.                                              )    UNITED STATES DISTRICT
                                                )    COURT FOR THE SOUTHERN
DOUGLAS E. LUMPKIN, in his                      )    DISTRICT OF OHIO
official capacity as Director of the            )
Franklin County Department of Job               )
and Family Services,                            )    **O P I N I O N**
                                                )
       **Defendant-Appellee.**                  )
_____  )

**Before:  MOORE and STRANCH, Circuit Judges; COHN, District Judge.**[*]

     **KAREN NELSON MOORE, Circuit Judge.**  This case stems from Plaintiff Mary Immel's

2007 application for Medicaid coverage to pay for the costs of her nursing facility.  The Franklin

County Department of Job and Family Services ("FCDJFS") denied coverage, and Immel challenged

the decision in state administrative hearings.  While the state proceedings were still pending, she

filed the instant civil action against Douglas E. Lumpkin, in his official capacity as the director of

FCDJFS, for declaratory and injunctive relief.  Immel presented claims (1) under 42 U.S.C. § 1983,

that FCDJFS violated federal law in denying her coverage; and (2) under the Supremacy Clause, that

the Ohio regulations on which FCDJFS relied conflict with federal law.  Believing that the Supreme

_____

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of
Michigan, sitting by designation.

Court's *Rooker-Feldman* doctrine prevented it from exercising jurisdiction over the case, the district court granted summary judgment in favor of Lumpkin. Immel appealed the district court's judgment applying the *Rooker-Feldman* doctrine and asked this court to reach the merits of her claims. While this case was pending on appeal, however, Immel died. We asked counsel to submit additional letter briefs addressing how the plaintiff's death impacts her pending appeal, including whether the appeal is now moot. After careful review of the supplemental briefing, we conclude that the appeal is moot.

Immel sought only declaratory and injunctive relief regarding her eligibility for Medicaid, and, therefore, upon her death, she no longer has "a legally cognizable interest in the outcome." *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir. 2005) (internal quotation marks omitted); *see also Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 550 (6th Cir. 2003) ("Given the fact that [the prisoner] is dead, any claim for injunctive relief is moot . . . ."); *Allen v. Mansour*, 928 F.2d 404, 1991 WL 37832, at *1 (6th Cir. 1991) (unpublished table decision) ("Mootness applies also to situations where . . . the plaintiff seeks a declaratory judgment invalidating or modifying a state policy, since death prevents the plaintiff from benefiting in any way from the requested relief."). Additionally, Immel has no personal representative or estate, Appellant Letter Br. at 2, and counsel for Immel has not sought to substitute parties pursuant to Federal Rule of Appellate Procedure 43(a).

Indeed, counsel for Immel does not dispute that Immel no longer has a "personal stake in the outcome of the lawsuit," *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted); rather, counsel argues that the "case squarely falls within the exception to the mootness doctrine known as 'capable of repetition, yet evading review.'" Appellant Letter Br. at 3. He argues that

"other Medicaid applicants across Ohio" will be subject to the same challenged action. *Id.* at 5. The "capable of repetition, yet evading review" exception to mootness, however, requires "a reasonable expectation that the *same complaining party* [will] be subject to the same action again." *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (internal quotation marks omitted). The fact that other Medicaid applicants may be facing the same issues suggests that the "case could conceivably lend itself to pleading as a class action, [but] we cannot change the posture of the case in this appeal." *Bowman*, 350 F.3d at 550. The "guidance" and "clarification" that counsel for Immel seeks from this court, Appellant Letter Br. at 7–8, is exactly the type of decision that we have "no authority to render." *City of Detroit*, 401 F.3d at 450 ("A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." (internal quotation marks omitted)).

Therefore, despite the potential importance of the issues to the rights of other Medicaid applicants, we cannot address them in this case. We **DISMISS** the appeal as moot and **REMAND** the case to the district court with instructions to vacate its judgment and dismiss the complaint. *See* 13C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3533.10 (3d ed. 2008).