NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0173n.06

No. 22-5954

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Apr 19, 2023<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| DANIEL SILVA, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: BATCHELDER, GRIFFIN, and READLER, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge.** Defendant-Appellant Daniel Silva appeals the district court's denial of his motion to dismiss the indictment against him or to order his hospitalization within seven days as relief for his having been waiting more than four months to be hospitalized for his competency-restoration evaluation. Silva has now been hospitalized and argues that his appeal is moot and that we should vacate the district court's order denying the relief he sought. We dismiss this appeal as moot but decline to vacate the district court's order.

## I.    Background and Procedural History

A federal grand jury indicted Silva for making threats to injure the person of another through interstate commerce. 18 U.S.C. § 875(c). Both the prosecutor and defense counsel questioned Silva's competency immediately and agreed to a forensic evaluation. At Silva's competency hearing, the district court considered the doctor's conclusion that Silva met the standard for legal incompetence, as well as Silva's demeanor, and found Silva incompetent. On

May 23, 2022, pursuant to 18 U.S.C. § 4241(d)(1), the district court ordered the government to hospitalize Silva in a suitable facility for up to four months to see if Silva's competency can be restored.

On September 28, 2022, four months after the district court entered that order, Silva was still in jail awaiting hospitalization. So he filed a motion either to dismiss the charges or to order his hospitalization within seven days because the government had failed to "make a determination of competence restorability within four months, as required by 18 U.S.C. § 4241(d)(1)." Silva argued that the plain text of the statute requires the four-month time clock to begin when the district court orders hospitalization. He also argued that the Speedy Trial Act and the Due Process Clause support this interpretation. Silva proposed as alternative remedies that the court: (1) dismiss the indictment, without prejudice, (2) find that his mental condition had not improved and commit him civilly, pursuant to 18 U.S.C. §§ 4246, 4248, or (3) order the government to hospitalize him within seven days, as happened in *United States v. Donnelly*, 41 F.4th 1102 (9th Cir. 2022).

The district court denied the motion, holding that the four-month time period in § 4241(d)(1) does not begin to run until the defendant is actually hospitalized. Because the clock had not yet started, the court held that it was "without the power to expedite this process or to grant the further relief requested by the defendant."

Silva appealed and sought expedited briefing and an expedited decision. We granted the motion to expedite briefing. The government then filed a motion to dismiss for lack of jurisdiction, arguing that this court had no jurisdiction because the ruling was neither a final decision under 28 U.S.C. § 1291, nor subject to the collateral order doctrine. The government informed the court that the United States Marshals Service estimated that Silva would be hospitalized by the end of December 2022. On January 5, 2023, the government informed the court that Silva was now

projected to be placed in the hospital in February or March 2023. On February 17, 2023, the government informed the court that Silva was hospitalized on February 7, 2023.

We then asked the parties for supplemental briefing addressing the following two questions:

1. Does Silva's now being hospitalized moot his request for the remedy of "hospitalization within 7 days"? Does it moot his request for the remedy of dismissal of the indictment?
2. Does Silva's now being hospitalized affect our exercise of jurisdiction under the collateral order doctrine over the appeal of the denial of the motion to dismiss the indictment?

The parties' supplemental briefs are before us now. Both parties agree that the two remedies Silva sought from us—dismissal of the indictment without prejudice or, in the alternative, an order to hospitalize Silva within seven days—are moot because Silva is now undergoing the competency restoration evaluation. But the parties do not agree on whether the district court's order denying Silva's requested relief should be vacated.

## II.    Discussion

### A.  Mootness

We agree with the parties that this appeal is moot. An appeal is moot and this court lacks jurisdiction over it "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 898 (6th Cir. 2014) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). It must become "impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). Here, neither of Silva's requested forms of relief is available

to him anymore because he has been hospitalized, and he has otherwise disclaimed any interest in any other form of relief. The goal of his appeal has been achieved.

Nor does the "capable of repetition, yet evading review" exception to the mootness doctrine apply here because Silva will not be subject to detention under a § 4241(d)(1) order again. A dispute qualifies for this exception "only if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540 (2018) (internal quotation marks omitted). While other defendants may face the same issue that Silva did, Silva himself must be the one who would suffer the same action again. But he will not be, because once his initial examination is complete, the results of that examination will determine whether his hospitalization will continue. 18 U.S.C. § 4241(d)(2). Silva will not be subject to detention under § 4241(d)(1) again. This exception to the mootness doctrine is inapplicable.

There is no longer a live controversy before us and Silva lacks a legally cognizable interest in the outcome of this narrow appeal. We therefore dismiss this appeal as moot and do not need to consider the government's motion to dismiss for lack of jurisdiction.

### B. Vacatur

We do not agree with Silva that, based on the *Munsingwear* rule, we should vacate the district court's order denying his motion to dismiss. The "*Munsingwear* rule is an equitable one that is employed where necessary 'to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences.'" *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005) (quoting *United States v. Munsingwear*, 340 U.S. 36, 41 (1950)) (emphasis omitted). This rule ensures that a party is not harmed by "the precedential and preclusive effects of the adverse

ruling without having had a chance to appeal it." *Teamsters Local Union No. 1199 v. Coca-Cola Consolidated, Inc.*, 854 F. App'x 675, 678 (6th Cir. 2021) (citation omitted). But vacatur is an "extraordinary remedy," and the party seeking vacatur must demonstrate its "equitable entitlement" to vacatur. *Id.* at 677 (quoting *Blankenship v. Blackwell*, 429 F.3d 254, 258 (6th Cir. 2005)).

Silva has not demonstrated that the equities favor vacating the district court's order. As an initial matter, the Supreme Court has never applied *Munsingwear* in a criminal case, so it is not clear that its general principles apply in this context. *See United States v. Flute*, 951 F.3d 908, 909 (8th Cir. 2020) (order). But even if *Munsingwear*'s general principles are applicable in criminal cases, Silva fails to explain why vacatur should apply here.

Silva does not explain why it is unfair for the district court's order to remain in effect. All the order says is that Silva is not entitled to the relief he sought. This does not have any long-lasting legal consequences for Silva, as he has now been hospitalized. Nor is it clear that this order is unreviewable. If Silva wants to appeal the decision at the conclusion of his case or argue that his due process or Sixth Amendment rights were violated during his pre-hospitalization time in jail, he is free to do so. Neither is the public interest served by vacating the order. *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994). Finally, the principle in *U.S. Bancorp* that "vacatur must be granted where mootness results from the unilateral action of the party who prevailed in the lower court" does not apply here. *Id.* The government was not acting unilaterally when it hospitalized Silva, but instead acted pursuant to the court's order. We therefore deny Silva's request to vacate the district court's order.

## CONCLUSION

For the foregoing reasons, we dismiss this appeal as moot.